UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
     Plaintiff,
vs.

A & E REALTY, L.L.C.
and BRH PLAZA LLC
d/b/a BOCA PLAZA HOTEL,
     Defendants.

**COMPLAINT**

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, A & E REALTY, L.L.C. and BRH PLAZA LLC d/b/a BOCA PLAZA HOTEL (hereinafter "Defendants"), for permanent injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., and 42 U.S.C. §12131-12134 (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"). at the property located at 2901 N. Federal Hwy., Boca Raton, FL 33431, and commonly known as, Boca Raton Plaza Hotel & Suites a/k/a Boca Plaza Hotel, a hotel and related facilities (hereinafter sometimes collectively referred to as the "Subject Premises" or "Hotel"). Moreover, as alleged ADA violations encompass portions of the common areas, amenities, bar and on-line reservations systems, it is expected that additional Defendants will be named so that all proper Parties are before the Court.

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.      This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.      Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Palm Beach County, Florida, and the Subject Premises is located in Palm Beach County, Florida.

## PARTIES

4.      Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5.      Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in South Florida including a son who is a minor league baseball athlete in South Florida who he frequently visits. Additionally, Plaintiff enjoys the South Florida weather and the multiple sporting events, festivals, and events that occur throughout South Florida.

6.      Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7.      While visiting Boca Raton, Florida, Plaintiff stayed at the Subject Premises which forms the basis of this lawsuit, on or about September 3, 2022.

**8.** The Website for the Hotel did not have any available pictures or adequate information for Plaintiff to ensure he was booking an accessible room.

**9.** Furthermore, able-bodied prospective patrons of the Hotel, and those who do not require an accessible room, are readily able to book/reserve their respective non-accessible rooms directly online at the Defendants' website absent the additional step of placing a telephone call to the Hotel and are also able to view true and correct photos of the room class which such able-bodied patrons wish to reserve.

**10.** The facility is in an area frequently traveled by Plaintiff during his many visits to South Florida for family, friends, festivals, sporting events, and other events.

**11.** Plaintiff has visited the property, which forms the basis of this lawsuit and plans to return to the property to avail him of the goods and services offered to the public at the property, and to determine whether the property has been remedied to be ADA compliant.

**12.** However, Plaintiff has been denied access to the facility and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the facility including, but not limited to, those set forth in the Complaint.

**13.** Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

**14.** In this instance, Plaintiff, in his individual capacity, has visited the Subject Premises, encountered barriers to access at the Subject Premises, was compelled to engage those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and

3

injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below.

15. Because, *inter alia,* this facility was designed, constructed and received its Certificate of Occupancy well after the January 26, 1993 effective date of the ADA, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

16. Defendant, A & E REALTY, L.L.C., is a Florida Limited Liability Company which is authorized to and does transact business in the State of Florida and within this judicial district.

17. Pursuant to the Palm Beach Property Appraiser's Office, Defendant, BRH PLAZA LLC, is the owner and/or operator/manager of the real property located on or 2901 N. Federal Hwy., Boca Raton, FL 33431.  This is the building where the Subject Premises is located.

18. Defendant, BRH PLAZA LLC, is a Florida Limited Liability Company is authorized to and does transact business in the State of Florida and within this judicial district.

19. According to the Florida Department of Business and Professional Regulation, the Defendant, BRH PLAZA LLC, was licensed on 6/19/2019 as a hotel and occupies the Subject Premises as a Hotel known as "BOCA RATON PLAZA HOTEL & SUITES" a/k/a "BOCA PLAZA HOTEL".

20. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

21.     Upon information and belief, the Hotel License for the Subject Premises was issued to Defendants on 6/19/2019 and involved many years of planning and designing of its common areas, guest rooms, and other aesthetic features.

22.     Pursuant to 42 U.S.C. §12183, because the Subject Premises was constructed well after the January 26, 1993 effective date of the ADA, Defendants had a legal duty to be in full compliance with the ADA and fully usable by and accessible to individuals with disabilities as of the date of first occupancy. Consequently, the Subject Premises was required to be designed and constructed to be readily accessible to and usable by individuals with disabilities. Defendants failed to do so.

23.     The Subject Premises which is owned, leased to or by, and/or operated by the Defendants, and which is the subject of this action, includes a hotel, restaurant, bar, pool, fitness center and related facilities. The hotel and related facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiff'

24.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

25.     As a "new construction" facility, the hotel which is the subject of this action was required to follow the requirements of the 2010 ADA Standards, including both the Title III

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.  Defendants failed to do so.

26.     The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 CFR § 1191, *et seq.*, and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

27.     Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards of the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

28.     Defendants knew or should have known that certain common interior design modules and schemes approved and used by Defendants in constructing the facility fail to provide required and sufficient accessible elements within all areas of the facility including, but not limited to, the allegations set forth herein.

29.     Plaintiff alleges that Defendants uniformly approved the use of these unlawful design modules/schemes at their facility intentionally disregarding the accessibility requirements of the ADA.

30.     Plaintiff alleges that Defendants approved and utilized these inaccessible elements to ensure uniformity of design, feel and functionality at its location which purposely exclude individuals who require a wheelchair to ambulate, including the instant Plaintiff.

31.     Plaintiff further alleges that Defendant's' in-house design committee(s) approved the use of the inaccessible design with deliberate and indifference to, and disregard for, Plaintiff and those similarly situated.

32.     Plaintiff further alleges that Defendant's' in-house design committees uniformly created a policy of using similar features throughout this and other facilities commonly referred to as "Aloft Hotel", thereby further serving to isolate Plaintiff, both physically and emotionally, and denying Plaintiff the full enjoyment of the amenities, services, privileges, activities and accommodations of the facility.

33.     As a result, and for additional reasons set forth herein, it cannot reasonably be denied that Defendants have intentionally discriminated against this Plaintiff and all those similarly situated.

34.     The egregiousness of Defendant's' intentionally offending conduct, including the existence of discriminatory policies and procedures, combined with denying access to individuals with disabilities such as the Plaintiffs and others similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until it is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants be allowed to return to their discriminatory ways, including re-implementing discriminatory policies and procedures.

35.     The removal of the architectural barriers to access, discriminatory policies and procedures, as well as the dangerous conditions and the ADA violations set forth herein are structurally practicable. 42 U.S.C. §12183(a)(1).

36.     The Defendant's' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and its regulatory regimens.

37.     In this instance, Plaintiff visited the facility and encountered barriers to access the facility, engaged said barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's' ADA violations set forth herein.

38.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

39.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District.

<u>COUNT I</u>
<u>VIOLATIONS OF THE AMERICANS WITH DISABILITES</u>
<u>ACT AND CLAIM FOR INJUNCTIVE RELIEF AT DEFENDANT'S FACILITY</u>

40.     Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

41.     Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or

limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

42.     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

43.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A non-exclusive list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### ON-LINE RESERVATION SYSTEM

    i.    The on-line reservation system does not permit an individual with disabilities to reserve an accessible room absent actually calling a Hotel Agent at the listed phone numbers because the online reservation system fails to properly identify accessible features of their "ADA" designated rooms. However, prospective guests who are able–bodied have no such extra step and are fully able to complete their room reservations and transactions on-line at the web site absent calling a Hotel Agent.

    ii.    The on-line reservation system does not permit an individual with disabilities to view, select, and choose among the range of accessible guest rooms otherwise required to be provided and dispersed within the Subject Premises, absent actually calling a Hotel Agent at the listed phone numbers because the online reservation system fails to properly identify accessible features of their "ADA" designated rooms. However, prospective guests who are able–bodied have no such extra step and are

provided online options as to room class, pricing, availability, and are fully able to view the range of rooms and complete their room reservations and transactions on-line at the web site absent calling a Hotel Agent.

iii.   The on-line reservation system does not adequate provide photos of the accessible rooms, nor of any accessible feature(s) contained in the "ADA designated rooms, or common areas of the Hotel.

### ACCESSIBLE PARKING

iv.   There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### ACCESSIBLE ROUTE

v.   The facility does not provide a compliant accessible route within site from the accessible parking spaces to the facility entrances they serve making it difficult for Plaintiff to traverse, violating sections 206.1 and 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### COMMON LOBBY AREA

vi.   The lowered accessible portion of the countertop does not extend the same depth as the service countertop. Making it difficult for the plaintiff to utilize, in violation of section 904.4. in the 2010 ADA Standards, whose resolution is readily achievable.

### MEN'S PUBLIC RESTROOM

vii.   The lowered accessible portion of the countertop does not extend the same depth as the service countertop. Making it difficult for the plaintiff to utilize, in violation of section 904.4. in the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The lavatory bowl does not provide the minimum height allowance for knee clearance making it difficult for the plaintiff to utilize, in violation of section 306.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   The men's public restroom does not provide a wheelchair accessible toilet compartment that is 60 inches wide minimum and 59 inches deep minimum for a floor mounted water closet as required, in violation of 604.8.1.1 of the 2010 ADA Standards.

x.   The ambulatory stall does not provide a toilet paper dispenser that is a minimum of 7 inches and a maximum of 9 inches in front of the water

closet, making it difficult for the plaintiff to utilize. In violation of section 604.9.6 of the 2010 ADA Standards, whose resolution is readily achievable.

### SWIMMING POOL AREA

xi.    The pool area does not provide at least 5% of compliant seating at the tables as required making it difficult for the plaintiff to utilize the tables, in violation of section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.    The tables do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii.    The pool area shower does not provide a handheld shower spray unit, or a fixed shower head located 48 inches maximum above the finish floor making it difficult for the plaintiff to utilize, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv.    The pool area unisex restroom does not provide signage with a contrasting finish making it difficult for the plaintiff to locate the restroom, in violation of section 703.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### NUMBER OF ACCESSIBLE GUESTROOMS

xv.    The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of sections 224.2 and 224.5 of the 2010 ADA Standards.

44.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

45.    Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and

expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

46.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

47.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

48.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §§ 12205 and 12217.

49.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, RUDOLPH BETANCOURT, respectfully requests that this Court enter judgment against Defendants, and in his favor, as follows:

   a.   Permanent injunctive relief enjoining Defendants from continuing their intentionally discriminatory policies, practices and procedures, order Defendants to remove the architectural barriers to access and modify the subject Facility to make it accessible to and useable by individuals with disabilities to the extent required by the ADA;

   b.   Permanent injunctive relief enjoining Defendants to modify its on-line reservation system to make it accessible to and useable by individuals with disabilities to the extent required by the ADA;

    **c.**      An award of reasonable attorneys' fees, costs, litigation expenses and other expenses associated with this action, in favor of Plaintiff; and

    **d.**      Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

**COUNT II**
**VIOLATIONS OF THE AMERICANS WITH DISABILITES ACT AND CLAIM FOR INJUNCTIVE RELIEF ON DEFENDANT'S WEBSITE**

**50.**     On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

**51.**     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

**52.**     On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or his accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

53.     In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

54.     Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" is not sufficient.

55.     In addition, hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and

14

existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not. *28 C.F.R. Part 36, Appx. A*. Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

56.     For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A*.

57.     However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added]. *28 C.F.R. Part 36, Appx. A*.

58.     The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Hotel is in a building constructed prior to the 1991 Standards.

59.     The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

60.     It is important to Plaintiff that any hotel at which he researches is accessible. Plaintiff frequently researches and assesses the accessible features and guestrooms of hotels online.

61.     The Website homepage contains a small, and not easily found, link entitled "Accessibility" at the bottom of its homepage.  This link directs you to a listing of alleged accessibility features including alleged accessible areas of the hotel with accessible routes to the areas, alleged accessible features of the common areas of the hotel, and alleged accessible features of the guestrooms.

62.     The Hotel listed some, but not all of the required accessibility information to meet the 2010 Standards, or alternatively (as applicable):

     a.  Whether the public entrance to the Hotel complies with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

     b.  Whether the registration desk at the Hotel complies with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

     c.  Whether restaurant or other food service areas at the Hotel comply with the 2010 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

     d.  Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 2010 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

     e.  Whether the swimming pool (if any) complies with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**f.** Whether the route from the public entrance to the registration desk is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**g.** Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**h.** Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**i.** Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**j.** Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**k.** Whether the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

63.     This is not intended to be an exclusive list, and Plaintiff brings this action to remediate all violations of the ADAAG found to exist upon the Website, to remove all false information regarding accessibility from the Website, and upon all online reservation platforms used by the Hotel.

64.     In addition to the list above, upon information and belief, Defendants do not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from

all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

66. Plaintiff will visit the Website again upon the Defendant's' compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features of the Hotel, learn about the accessible (and inaccessible) features of Hotel guestrooms, assess the extent to which the hotels meet each of his specific accessibility needs, and determine whether he can reserve an accessible guestroom. If the Hotel is the most suited to his accessibility needs as compared to other suitable hotels reviewed online.

66. Defendants have discriminated against Plaintiff and all other mobility-impaired individuals, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendants have had over eight (8) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

67. Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

68. Defendants will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless

and until Defendants modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

## COUNT III
## ACTION FOR VIOLATIONS OF FLORIDA AMERICANS
## WITH DISABILITIES ACCESSIBILITY
## IMPLEMENTATION ACT

**69.** This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

**70.** Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 72 of this Complaint as if fully stated herein.

**71.** Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D, and Title II of Public Law No. 101-336, subject to the additional requirements of Fla. Stat. § 553.504.

**72.** Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC). The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

**73.** In addition, Fla. Stat. § 553.502 provides that "nothing in ss. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code. The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law.   Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

74.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*: Notwithstanding any other remedies available, any person or party, in any individual capacity or on behalf of a class of persons or parties, damages as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation; Fla. Stat. § 553.84.

75.     Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

76.     At all times here relevant, Defendants had a duty under Fla. Stat.  § 553.501, *et seq.*, to provide access to the Subject Premises by Plaintiffs herein.

77.     On more than one occasion, Defendants breached their duty to provide access to the Subject Premises by Plaintiffs and thereby discriminated against Plaintiffs, all in violation of Fla. Stat. § 553.501, *et seq*., as follows:

## ON-LINE RESERVATION SYSTEM

i.   The on-line reservation system does not permit an individual with disabilities to reserve an accessible room absent actually calling a Hotel Agent at the listed phone numbers because the online reservation system fails to properly identify accessible features of their "ADA" designated rooms. However, prospective guests who are able–bodied have no such extra step and are fully able to complete their room reservations and transactions on-line at the web site absent calling a Hotel Agent.

ii.  The on-line reservation system does not permit an individual with disabilities to view, select, and choose among the range of accessible guest rooms otherwise required to be provided and dispersed within the Subject Premises, absent actually calling a Hotel Agent at the listed phone numbers because the online reservation system fails to properly identify accessible features of their "ADA" designated rooms. However, prospective guests who are able–bodied have no such extra step and are provided online options as to room class, pricing, availability, and are fully able to view the range of rooms and complete their room reservations and transactions on-line at the web site absent calling a Hotel Agent.

iii. The on-line reservation system does not adequate provide photos of the accessible rooms, nor of any accessible feature(s) contained in the "ADA designated rooms, or common areas of the Hotel.

## ACCESSIBLE PARKING

iv.  There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## ACCESSIBLE ROUTE

v.   The facility does not provide a compliant accessible route within site from the accessible parking spaces to the facility entrances they serve making it difficult for Plaintiff to traverse, violating sections 206.1 and 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## COMMON LOBBY AREA

vi.  The lowered accessible portion of the countertop does not extend the same depth as the service countertop. Making it difficult for the plaintiff to utilize, in violation of section 904.4. in the 2010 ADA Standards, whose resolution is readily achievable.

## MEN'S PUBLIC RESTROOM

    **vii.**  The lowered accessible portion of the countertop does not extend the same depth as the service countertop. Making it difficult for the plaintiff to utilize, in violation of section 904.4. in the 2010 ADA Standards, whose resolution is readily achievable.

   **viii.**  The lavatory bowl does not provide the minimum height allowance for knee clearance making it difficult for the plaintiff to utilize, in violation of section 306.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    **ix.**  The men's public restroom does not provide a wheelchair accessible toilet compartment that is 60 inches wide minimum and 59 inches deep minimum for a floor mounted water closet as required, in violation of 604.8.1.1 of the 2010 ADA Standards.

    **x.**  The ambulatory stall does not provide a toilet paper dispenser that is a minimum of 7 inches and a maximum of 9 inches in front of the water closet, making it difficult for the plaintiff to utilize. In violation of section 604.9.6 of the 2010 ADA Standards, whose resolution is readily achievable.

## SWIMMING POOL AREA

    **xi.**  The pool area does not provide at least 5% of compliant seating at the tables as required making it difficult for the plaintiff to utilize the tables, in violation of section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

   **xii.**  The tables do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  **xiii.**  The pool area shower does not provide a handheld shower spray unit, or a fixed shower head located 48 inches maximum above the finish floor making it difficult for the plaintiff to utilize, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

  **xiv.**  The pool area unisex restroom does not provide signage with a contrasting finish making it difficult for the plaintiff to locate the restroom, in violation of section 703.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## NUMBER OF ACCESSIBLE GUESTROOMS

**xv.** The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of sections 224.2 and 224.5 of the 2010 ADA Standards.

**78.** Plaintiff has been denied access to, and have been denied the benefits of, services, programs and activities of the Subject Premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above. Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage without the relief provided pursuant to the FACBC as requested herein.

**79.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action and has agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action.  Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.

**80.** Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat.§§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the Subject Premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC and closing the Subject Premises and facilities until the requested modifications are completed.

**81.** The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully request that the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the Subject Premises as appropriate to comply with the FACBC, and closing the Subject Premises until the requested modifications are completed.

## <u>CONCLUSION</u>

82.     Plaintiff is without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendants are required to correct the ADA violations found unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein, and upon the Website (and other online reservation platforms, as applicable), and to maintain the Website (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

83.     Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order that compels Defendants to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

**WHEREFORE,** Plaintiff, RUDOLPH BETANCOURT, respectfully requests that this Court enter judgment against Defendants, and in his favor, as follows:

a.  Temporary and permanent injunctive relief enjoining Defendants from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

b.  Temporary and permanent injunctive relief enjoining Defendants from maintaining or controlling content on any website through which it is offering online reservations for any hotel that it owns or operates, unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

c.  An award of reasonable attorneys' fees, costs, disbursements, and other expenses associated with this action, in favor of Plaintiff; and

**d.** Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

s/ Glenn R. Goldstein

Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg

Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, FL 33432
(561) 571-0646
WassenbergL@gmail.com